**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

---

ROBERT MEARS,

          Plaintiff - Appellant,

  v.

SAFECO INSURANCE COMPANY OF
ILLINOIS,

          Defendant - Appellee.

No. 12-35917

D.C. No. 6:11-cv-00040-DWM

MEMORANDUM[*]

---

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, District Judge, Presiding

Submitted April 9, 2014[**]
Seattle, Washington

Before: HAWKINS, RAWLINSON, and BEA, Circuit Judges.

This court reviews de novo the district court's grant of summary judgment,

*Barnett v. Centoni*, 31 F.3d 813, 815 (9th Cir. 1994), and affirms.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

**1.** There are no genuine issues of material fact to preclude summary judgment as to whether Mears consented, whether a mutual mistake of fact existed, or whether the release was vague and ambiguous. Whether the parties mutually consented to the contract is determined by "inquiring whether a reasonable person, based upon the objective manifestation of assent, and all the surrounding circumstances, would conclude that the parties intended to be bound by the contract." *Chipman v. Nw. Healthcare Corp., Applied Health Servs., Inc.*, 317 P.3d 182, 185 (Mont. 2014). Mears's objective manifestations are not in dispute and Mears's other subjective complaints do not create a dispute of fact relevant to Mears's objective manifestations. Further, we will not address any argument that there was a mutual mistake of fact because Mears waived his right to appeal that issue. Finally, Mears presents no evidence that creates an ambiguity in the plain language of the telephone release.

**2.** The district court did not err in denying Mears summary judgment, and granting summary judgment to Safeco, on the grounds that Mears's consent was not obtained through economic duress or undue influence. Despite Mears's argument to the contrary, *Ridley v. Guaranty Nat'l Ins.*, 951 P.2d 987 (Mont. 1997), does not obligate Safeco to offer to pay for Mears's *future* treatment before settling Mears's claim, and Mears has not alleged that Safeco rushed or threatened

2

his decision to settle in any way. Thus, Safeco did not obtain Mears's consent by taking advantage of Mears as required for undue influence, Mont. Code Ann. § 28-2-407, or by committing a wrongful act as required for economic duress. *Hughes v. Pullman*, 36 P.3d 339, 343 (Mont. 2001). As a matter of law, Mears objectively manifested his valid consent to the release free of undue influence or economic duress.

The district court is AFFIRMED.